IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTINE MEDLIN, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) CASE NO. 3:12-0327 ) JUDGE SHARP/KNOWLES ) ) |
| ENCORE MARKETING, LLC, | ) ) |
| Defendant. | ) |

## ORDER

This matter is before the Court upon a "Motion to Quash" (Docket No. 33) and an "Amended Motion to Quash" (Docket No. 34), both filed by Defendant. Plaintiff has filed a Response to the latter Motion. Docket No. 37. Both Motions relate to the same subpoena duces tecum that Plaintiff issued to and served upon Defendant.

In the initial Motion to Quash, Defendant seeks to quash the subpoena as it relates to a number of documents listed in an attachment to the subpoena: Nos. 11, 12, 15, 17, 18, and 19. Docket No. 33. Despite seeking quash Nos. 17, 18, and 19, however, Defendant states that it "will attempt to comply with them." Docket No. 33.

In the "Amended Motion to Quash," Defendant seeks to quash the entire subpoena on grounds that the deadline for discovery has passed, that Plaintiff had the opportunity to request these items during discovery, and that Plaintiff should not be allowed to do so now. The Amended Motion also states, "In the alternative, this Defendant seeks its prior Motion to Quash be granted." Docket No. 34, p. 2.

Local Rule 37.01(a) provides:

> Joint Written Statement. Prior to filing any discovery motion, counsel for the parties shall prepare a joint written statement of the matters at issue in the discovery dispute. The joint statement of issue shall be attached to any discovery motion.

Local Rule 37.01(b)(3) provides in relevant part:

> Counsel for a party moving to . . . quash a subpoena . . . shall file with the Court, at the time of the filing of the motion, a statement certifying that he has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised and that counsel have not been able to do so. *No such motion shall be considered by the Court absent compliance with this Rule.*

(Emphasis added.)

Defendant has not filed a Joint Written Statement, nor has Defendant filed a certification.

For the foregoing reasons, the "Motion to Quash" (Docket No. 33) and the "Amended Motion to Quash" (Docket No. 34) are DENIED.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge