IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTINE MEDLIN, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 3:12-0327 <br> ) JUDGE SHARP/KNOWLES |
| ENCORE MARKETING, LLC, | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court upon Defendant's "Motion to Stike [*sic*] Plaintiff's Initial Disclosures." Docket No. 40. Plaintiff has filed a Response in opposition to the Motion (Docket No. 42), and Defendant has file a Reply (Docket No. 43).

The Motion states that Plaintiff's Rule 26 Initial Disclosures, "are so vague as to be completely useless to this Defendant so that this Defendant can get prepared for trial in any way whatsoever." Docket No. 40, p. 1. Plaintiff points out that her Initial Disclosures were never filed, and rhetorically asks, "how can they be struck?" Docket No. 42, p. 1.

Motions to Strike are governed by Fed. R. Civ. P. 12(f), which states:

> The court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

Fed. R. Civ. P. 12(f) (emphasis added).

Motions to Strike are applicable only to pleadings. *See Fox v. Michigan State Police Dept.*, 2006 U.S. App. LEXIS 5019 (6th Cir.) at **5-6; *Wimberly v. Clark Controller Co.,* 364 F.2d 225, 227 (6th Cir. 1966). *See also Lombard v. MCI Telecommunications Corp.,* 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998); *Hrubec v. National R.R. Passenger Corp.,* 829 F. Supp. 1502, 1506 (N.D. Ill. 1993).

Plaintiff's Initial Disclosures are not pleadings, and they could not be stricken even if they had been filed.

For the foregoing reasons, the instant Motion (Docket No. 40) is DENIED.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge